**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 119748

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andrew Song, | |
| Plaintiff, | Case No: |
| | **COMPLAINT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C., | |
| Defendant. | |

Andrew Song ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C., ("*Defendant*"), as follows:

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

<strong><u>PARTIES</u></strong>

5.     Plaintiff Andrew Song is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Tromberg, Morris & Poulin, PLLC f/k/a/ Stephen Einstein & Associates, P.C., (hereinafter "Tromberg, Morris & Poulin") is a New York Professional Limited Liability Corporation with a principal place of business in New York County, New York.

<strong><u>THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN</u></strong>

9.     Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10.     At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

11.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e).

12.     After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

15.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

17.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

18.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

19.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

20.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

21. The principal purpose of Defendant's business is the collection of such debts.

22. Defendant uses the mails in its debt collection business.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Defendant alleges Plaintiff owes a debt (the "alleged Debt").

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

29. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

30. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated July 20, 2020 (the "July Letter"). (A true and accurate copy of the July Letter is annexed hereto as "**Exhibit 1**").

31. The July Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

32. The July Letter failed to advise Plaintiff that the alleged Debt was subject to increase due to interest.

33. On or about, December 4, 2020, Plaintiff and Defendant entered into a Stipulation of Settlement (the "*Settlement Stipulation*"), whereby the parties agreed to resolve the alleged Debt upon Plaintiff's payment of the sum of $3500.00 (the "Settlement Amount"). (A true and accurate copy of the Settlement Stipulation is annexed hereto as "**Exhibit 2.**"

34. On or about December 8, 2020, Plaintiff paid the Settlement Amount to the Sheriff of Nassau County in accordance with the terms of the Settlement Stipulation.

35. On or about December 16, 2020, the Settlement Amount was received and cashed by the Sheriff of Nassau County.

36.     Notwithstanding Plaintiff's payment of the Settlement Amount in accordance with the terms of the Settlement Stipulation, Defendant sent a letter to Plaintiff dated January 11, 2021 (the "January Letter") demanding payment of the Settlement Amount. (A true and accurate copy of the January Letter is annexed hereto as "**Exhibit 3**").

37.     Plaintiff did not owe any monies to Defendant on the date Defendant sent the January Letter.

38.     Plaintiff did not owe any monies to Defendant on the date Plaintiff received the January Letter.

39.     In fact, Plaintiff did not owe any monies at all to the entity on whose behalf Defendant was seeking to collect in the January Letter.

40.     Notwithstanding Plaintiff's payment of the Settlement Amount in accordance with the terms of the Settlement Stipulation, Defendant sent a letter to Plaintiff dated March 8, 2021 (the "March Letter") demanding payment of the Settlement Amount. (A true and accurate copy of the March Letter is annexed hereto as "**Exhibit 4**").

41.     Plaintiff did not owe any monies to Defendant on the date Defendant sent the March Letter.

42.     Plaintiff did not owe any monies to Defendant on the date Plaintiff received the March Letter

43.     In fact, Plaintiff did not owe any monies at all to the entity on whose behalf Defendant was seeking to collect in the March Letter.

44.     The January and March Letters conveyed information regarding the alleged Debt.

45.     The January and March Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

46.     The January and March Letters were received and read by Plaintiff.

47.     The January and March Letters were sent after the settlement payment was sent and received.

48.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

49.     Plaintiff's injury is "particularized" and "actual" in that the July, January and March Letters which caused the injury complained of herein were addressed and sent to Plaintiff

specifically.

50. Plaintiff's injuries are directly traceable to Defendant's conduct, because Defendant sent the July, January and March Letters.

51. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

52. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

53. Plaintiff has been misled by Defendant's actions.

54. Plaintiff has been harassed by Defendant's actions.

55. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt.

56. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

57. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and, therefore, has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

58. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

59. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT
### As to the July Letter

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

62. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

63.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

64.     To comply with the FDCPA, the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will pay the account in full.  Therefore the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and/or fees when such debt is so increasing. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

65.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the amount of the debt to increase.

66.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

67.     The amount of the alleged Debt was increasing at the time it was assigned or otherwise transferred to Defendant for collection.

68.     The amount of the alleged Debt was increasing due to statutory interest at the time Defendant sent Plaintiff the July Letter.

69.     The amount of the alleged Debt was increasing due to statutory interest at the time Plaintiff received the July Letter.

70.     The July Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing due to interest.

71.     As a result of such failure, Defendant did not clearly, accurately, and without ambiguity convey, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt may increase.

72.     As a result of such failure, Defendant did not clearly, accurately, and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

73.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount,

or legal status of any debt.

75.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

77.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

78.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

79.     A statement of an amount due, without notice that the amount may increase, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear his account.

80.     For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase or, alternatively, to state that payment of a sum certain by a date certain will fully satisfy the debt.

81.     The failure to provide the aforementioned disclosures makes the collection letter deceptive under 15 U.S.C. § 1692e.

82.     The July Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing.

83.     The July Letter fails to advise Plaintiff that Defendant would accept payment of a sum certain by a date certain in ful satisfaction the alleged Debt.

84.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### SECOND COUNT
### As to the January Letter

85.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

86.     15 U.S.C. § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including, as relevant here, misrepresenting the "character, amount, or legal status" of a debt and threatening to

take action that cannot legally be taken.

87.     On or around the time Defendant sent the January Letter, Plaintiff did not owe any monies on account the alleged Debt insofar as payment had been made in full.

88.     15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

89.     The January Letter states "If we don't hear from you, and your payment in the amount of $3,500 isn't received by no later than ten (10) days from receipt of this notice, we may resume legal collection activity."

90.     Threatening to take any action that cannot be legally taken is a false and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e.

91.     The January Letter is unlawfully misleading and deceptive under the FDCPA for giving the impression that "legal collection acvitiy" "may resume" which is an action that cannot be legally taken.

92.     Defendant violated § 1692e(5) by threatening to take action which cannot be legally taken.

93.     15 U.S.C. § 1692f prohibits debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt," including the collection of an invalid debt and taking or threatening to take action which cannot be taken.

94.     At the time Defendant sent Plaintiff the January Letter, Plaintiff did not owe the alleged Debt.

95.     At the time Defendant sent Plaintiff the January Letter, Plaintiff had paid the alleged Debt in full, pursuant to the terms of the settlement agreement.

96.     At the time Plaintiff received the January Letter, Plaintiff did not owe the alleged Debt.

97.     At the time Plaintiff received the January Letter, Plaintiff had paid the alleged Debt in full, pursuant to the terms of the settlement agreement

98.     Defendant violated sections 1692e, 1692e(5), 1692e(10) and 1692f by threatening to take action that cannot be legally taken in connection with the collection of a debt.

99.     Defendant violated sections 1692e, 1692e(5), 1692e(10) and 1692f by threatening to resume collection activity on account of a debt that had been paid.

100. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

101. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

102. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e, insofar as the alleged Debt had been paid in full.

104. Defendant's allegation that Plaintiff owed the alleged Debt is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e, insofar as the alleged Debt had been paid in full.

105. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A), insofar as the alleged Debt had been paid in full.

106. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

107. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation and deceptive means made in an attempt to collect a Debt in violation of 15 U.S.C. § 1692e(10).

108. Defendant is liable for its misrepresentation even if it lacked notice of the payment deposited into the firm's escrow account because the FDCPA imposes strict liability for false representations.

109. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692e(2)(A) and 1692f and and is liable to Plaintiff therefor.

### THIRD COUNT
### As to the March Letter

110. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

111. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount,

or legal status of any debt.

113.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

114.    15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

115.    On or around the time, Defendant sent the March Letter, Plaintiff did not owe any monies on account the alleged Debt, insofar as payment had been made in full.

116.    Plaintiff did not owe the alleged Debt at the time Defendant sent Plaintiff the March Letter.

117.    At the time Defendant sent Plaintiff the March Letter, Plaintiff had paid the alleged Debt in full, pursuant to the terms of the settlement agreement.

118.    Plaintiff did not owe the alleged Debt at the time Plaintiff received the March Letter.

119.    At the time Plaintiff received the March Letter, Plaintiff had paid the alleged Debt in full, pursuant to the terms of the settlement agreement.

120.    Defendant's allegation that Plaintiff owed the alleged debt is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e, insofar as the alleged Debt had been paid in full.

121.    Defendant's allegation that Plaintiff owed the alleged Debt is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e, insofar as the alleged Debt had been paid in full.

122.    Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A) , insofar as the alleged Debt had been paid in full.

123.    Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A), insofar as the alleged Debt had been paid in full.

124.    Defendant's allegation that Plaintiff owed the alleged Debt is a false representation and deceptive means made in an attempt to collect a Debt in violation of 15 U.S.C. § 1692e(10).

125.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT

126.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

127.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

128.    An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

129.    Defendant overstated the amount owed by Plaintiff.

130.    Defendant's overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

131.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

132.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

133.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

134.    An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

135.    An overstatement of the amount of a debt is a deceptive, misleading and false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10)

136.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT

137.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

138.    That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL§349.

139.    Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

140.    Defendant's letters are deceptive and misleading for the further reason that the least

sophisticated consumer would be lead to believe, erroneously, that more monies are owed.

141. Plaintiffs suffered anxiety, distress, annoyance, harassment and abuse upon receipt of defendant's letters.

142. That Defendant is therefore in violation of NYGBL §349(a) and liable to plaintiffs under NYGBL §349(h).

## JURY DEMAND

143. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

c. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and NYGBL §349; and

d. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: June 4, 2021

**BARSHAY SANDERS, PLLC**

By: */s Kara S. McCabe*    , Esq.
Kara S. McCabe
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: kmccabe@barshaysanders.com
Tel: 516-203-7600 Ext. 3233
Fax: 506-282-7878
*Attorneys for Plaintiff*
Our File No.: 119748