UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                                  :

Andrew Song,                                                 :          21-CV-3171 (ARR) (ARL)

                                        *Plaintiff*,                 :          <u>NOT FOR ELECTRONIC</u>
                                                               :          <u>OR PRINT PUBLICATION</u>

          -against-                                                  :

Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein &  :         **OPINION & ORDER**
Associates, P.C.,
                                                                   :
                                     *Defendant*.                 X

-------------------------------------------------------------------

ROSS, United States District Judge:

      Plaintiff, Andrew Song, brings this action against defendant, Tromberg, Morris & Poulin, PLLC (formerly known as Stephen Einstein & Associates, P.C.), asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and New York General Business Law ("NYGBL") § 349. First Am. Compl. ("FAC") ¶¶ 59–115, ECF No. 9. Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. Dismiss, ECF No. 15. For the reasons discussed below, I grant defendant's motion.

## BACKGROUND

      Plaintiff received a letter from defendant dated July 20, 2020, seeking to collect a debt of $12,035.59 allegedly owed to creditor "MSW Florida Capital, LLC." FAC, Ex. 1, ECF No. 9-1; FAC ¶ 30. On December 4, 2020, plaintiff and MSW Florida Capital entered a stipulation of settlement in the Supreme Court of the State of New York, wherein MSW Florida Capital agreed to accept $3,500 "in full satisfaction of the debt," to be paid to the Nassau County Sheriff on or before "1/4/2020." FAC, Ex. 2, ECF No. 9-2; FAC ¶ 32. Plaintiff alleges that he paid the Nassau

1

County Sheriff the full amount on December 8, 2020, and that the Sheriff received and cashed the payment the following week. FAC ¶¶ 33–34.

On January 11, 2021, however, defendant sent a letter asserting that it had not received the payment "due on 1/4/2021." FAC, Ex. 3, ECF No. 9-3; FAC ¶ 35. The letter stated, "If we don't hear from you, and your payment in the amount of $3,500.00 isn't received by no later than ten (10) days from receipt of this notice, we may resume legal collection activity." FAC, Ex. 3. Though plaintiff alleges that defendant "sent [this] letter to Plaintiff," FAC ¶ 35, the copy of the letter attached to the complaint indicates that the letter was in fact addressed to plaintiff's attorney and referred to plaintiff as the attorney's "client," FAC, Ex. 3. On March 8, 2021, defendant sent plaintiff's attorney a nearly identical letter, stating that it had not "received [his] clients [sic] payment that was due on 3/4/2021" and requesting payment within ten days. FAC, Ex. 4, ECF No. 9-4; FAC ¶ 39.

In June 2021, plaintiff filed the present action against defendant. Compl., ECF No. 1. He alleges that defendant's letters from January and March 2021 constituted deceptive debt collection practices in violation of § 1692e and § 1692f of the FDCPA. FAC ¶¶ 59–107. He additionally claims that defendant violated NYGBL § 349 by willfully engaging in "deceptive and misleading acts and practices." *Id.* ¶¶ 108–15. Defendant has moved to dismiss the complaint for failure to state a claim. Def.'s Mot. Dismiss.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding defendant's motion to dismiss, I "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by

2

reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). I must accept all factual allegations as true and must draw all reasonable inferences in plaintiff's favor. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). I am not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Drimal v. Tai*, 786 F.3d 219, 223 (2d Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

### I. Plaintiff's Claims under the FDCPA

Section 1692e of the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), "threat[en] to take any action that cannot legally be taken," *id.* § 1692e(5), or "use . . . any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). Section 1692f similarly provides that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Across these specific provisions, the overarching goal of the FDCPA is to "protect *consumers* from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (emphasis added); *see also Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 426 (E.D.N.Y. 2004) ("The FDCPA was enacted 'to protect consumers from unscrupulous debt collection practices . . . without imposing unnecessary restrictions on ethical debt collectors.'" (quoting S. Rep. No. 95-382, at 1–2 (1977))). Considering this goal, the Second Circuit in *Kropelnicki v. Siegel*, 290 F.3d 118, expressed "grave reservations" as to whether "alleged representations to *attorneys* for putative debtors can[] constitute violations of the FDCPA." *Id.* at 127. Though the *Kropelnicki* court did not reach the issue, it noted that "[w]here

3

an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Id.* at 128. Since *Kropelnicki*, courts in this circuit have consistently rejected claims in which the defendants were alleged to have violated the FDCPA through communications sent to the plaintiffs' attorneys. *See, e.g.*, *Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424, 427–28 (E.D.N.Y. 2004); *Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-CV-7043 (PKC) (LB), 2020 WL 1941319, at *10 (E.D.N.Y. Apr. 22, 2020); *Vernot v. Pinnacle Credit Servs., LLC*, No. 16-CV-3163 (JFB) (SIL), 2017 WL 384327, at *5–6 (E.D.N.Y. Jan. 26, 2017); *Torres v. Nationstar Mortg. LLC*, 15-CV-7015 (LDW) (ARL), 2016 WL 6581868, at *2–3 (E.D.N.Y. Nov. 2, 2016); *see also Sandoval v. I.C. Sys.*, 17-CV-3755 (DLI) (ST), 2018 WL 1582218, at *3 (E.D.N.Y. Mar. 29, 208) (declining "to extend the FDCPA's protections to credit counselors who, like attorneys, act as intermediaries" and dismissing the plaintiff's complaint).

Considering this consensus of persuasive authority, I conclude that the FDCPA's bar on false, misleading, or unconscionable debt collection practices does not apply to communications directed solely to attorneys, rather than the alleged debtors they represent. As the two letters that form the basis of plaintiff's FDCPA claims were sent solely to plaintiff's counsel, these claims lack merit. Accordingly, I grant defendant's motion to dismiss them.[1]

---

[1] In his response to defendant's motion, plaintiff requests leave to amend his complaint "[i]n the event that the Court decides to adopt the competent counsel standard." Pl.'s Opp'n Mot. Dismiss 18, ECF No. 15-1. This standard is derived from *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), where the Seventh Circuit indicated that communications to attorneys may be actionable under the FDCPA if they are likely "to deceive a competent lawyer." *Id.* at 774–75. Since I have not adopted the "competent counsel" standard, I deny plaintiff's request as futile. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (noting that a court may deny leave to amend a complaint "if the proposed new claim cannot withstand a 12(b)(6) motion for failure to state a claim").

## II. Plaintiff's Claim under NYGBL § 349

A district court may decline to exercise supplemental jurisdiction over a state law claim where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise jurisdiction, I must "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). I am "aided by the Supreme Court's additional guidance . . . that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Cohill*, 484 U.S. at 350 n.7).

As I have dismissed all of plaintiff's federal claims, I am left only with his claim under NYGBL § 349. Considering the balance of factors, I find that none of the factors support exercising supplemental jurisdiction over this remaining claim. I therefore dismiss plaintiff's state law claim without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

                                                           /s/
                                           Allyne R. Ross
                                           United States District Judge

Dated:	September 2, 2021
	Brooklyn, New York

6